# Exhibit 1



IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| ELIZABETH CATES, Individually, and on behalf of others similarly situated, | }<br>}<br>} |
| Plaintiff, | }<br>} |
| vs. | } Case No. **CJ-2012-201** |
| INTEGRIS HEALTH, INC.<br>An Oklahoma Corporation, | }<br>}<br>} |
| Defendant. | } |

FILED IN THE DISTRICT COURT
OKLAHOMA COUNTY, OKLA.
JAN 12 2012
PATRICIA PRESLEY, COURT CLERK
by_____ DEPUTY

## PETITION

COMES NOW Plaintiff, Elizabeth Cates, Individually and on behalf of others similarly situated, and for her cause of action against Defendant, state as follows:

### JURISDICTION AND VENUE

1. Plaintiff is a citizen of the State of Oklahoma.

2. Defendant is a domestic corporation doing business as a health care provider in the State of Oklahoma, including, but not limited to Oklahoma County.

3. Defendant's service agent is located in Oklahoma County, State of Oklahoma.

### CLASS ALLEGATIONS

4. Plaintiff brings this class action pursuant to 12 O.S. §2023 on behalf of herself and all others similarly situated as representative members of the following proposed class:

all residents of Oklahoma from January 1, 2000 to present, who received covered medical care or treatment at the Defendant's facilities as the result of injuries for which a third party was potentially responsible, and who were insured through a health insurance company that maintained a Provider or Participation Agreement with Defendant, but Defendant collected a payment from, or brought a collection action against, or asserted a lien against a patient for a covered charge, other than a co-payment, deductible, or co-insurance. Specifically excluded from this class are: 1) residents whose medical expenses were covered by workers compensation insurance; 2) residents who were insured through Medicare or Medicaid; 3) lawyers, members of the judiciary, and employees of Defendant.

5. Plaintiff is a member of the class she seeks to represent.

6. All of the class members are residents of the State of Oklahoma.

7. Numerosity (12 O.S. §2023(a)(1)). The members of the class are so numerous that joinder is impractical and would involve many litigants. Plaintiff believes that the proposed class definition encompasses in excess of 100 members.

8. Existence of common questions of law and fact (12 O.S. §2023(a)(2)). Common questions of law and fact exist as to all members of the class. These common legal and factual questions include, but are not limited to, the following:

   a. Whether the Defendant breached the agreement with a class member who assigned health insurance benefits to Defendant where Defendant failed to submit the medical bills to the insurance company for payment of a pre-negotiated discounted price, and instead sought an amount in excess of the pre-negotiated discounted price directly from the class member?

   b. Whether the Defendant violated the Oklahoma Consumer Protection Act by committing an "unlawful business practice" by knowingly causing a charge to be made by any billing method to a class member/consumer which Defendant knew was not authorized in advance by the class member/consumer?

   c. Whether the Defendant committed the tort of Deceit by representing that a class member is/was indebted to Defendant in an amount in excess of what Defendant is/was entitled to recover under the Provider or Participation Agreement with the class member's health insurance company?

   d. Whether the class members are entitled to the remedy of specific performance?

   e. Whether the acts of the Defendant warrant the imposition of punitive damages?

   f. Whether the Plaintiff and class members have sustained damages;

   g. Whether the Defendant concealed its conduct in a manner that tolled the limitations period?

These common issues of law and fact predominate over individual issues.

9. Typicality of claims (12 O.S. §2023(a) (3)). The claims of the named Plaintiff are typical of the claims of the class in that the named Plaintiff and the members of the class have suffered financial losses due to Defendant's conduct.

10. Adequacy of representation (12 O.S. §2023(a) (4)). Plaintiff and her counsel will fairly and adequately represent and protect the interest of the members of the class. Plaintiff's interests do not conflict with the interests of the members of the class she seeks to represent. Plaintiff has retained counsel competent and experienced in complex mass tort and class action litigation and intends to prosecute this action vigorously for the benefit of the class.

11. Superiority (12 O.S. §2023(b)). A class action is superior to other available methods for the fair and efficient adjudication to this litigation, since individual joinder of all members of the class is impracticable and would result in a burden on the court.

## FACTUAL ALLEGATIONS

12. Plaintiff and all class members received medical care and treatment from Defendant's Facilities for injuries received in an auto collision which was not their fault.

13. Defendant executed a contract ("Agreement") with each class member's health insurance company.

14. The above said Agreement required Defendant's Facilities to submit the covered charges to each class member's health insurance company.

15. The Agreement required Defendant's Facilities to accept the discounted payment from said health insurance company as payment in full, except co-pay or deductible.

16. The Agreement prohibited Defendant's Facilities from seeking any payment for a covered charge from the class member, other than a co-payment, deductible, or co-insurance.

17.  Defendant's Facilities collected a payment from, and/or brought a collection action against, and/or asserted a lien against the class member for a covered charge, other than a co-payment, deductible, or co-insurance.

18.  Defendant concealed its actions in a manner that operates to toll the statute of limitations for the class members, or in the alternative, the class members could not have become aware of Defendant's tortious conduct in the exercise of reasonable diligence.

### COUNT ONE – BREACH OF CONTRACT

19.  Each class member and Defendant entered into a contract for services. Defendant breached this contract and each class member is entitled to damages.

### COUNT TWO – CONSUMER PROTECTION ACT VIOLATION

20.  Defendant violated the Oklahoma Consumer Protection Act by committing "unlawful business practice" by knowingly causing a charge to be made by any billing method to a consumer which the person knows was not authorized in advance by the consumer. Each class member is entitled to recover damages as provided in said Act.

### COUNT THREE – DECEIT

21.  Defendant represented that each class member is indebted to Defendant in the lien Defendant filed. This representation is material; this representation is false; Defendant knew it was false or made it recklessly, without regard for its truth; Defendant made it with the intention that each class member act upon it; and each class member (and each class member's credit) has been injured as a result. As a result of Defendant's tortious conduct, each class member has been damaged and is entitled to recover against Defendant.

### COUNT FOUR – SPECIFIC PERFORMANCE OF A CONTRACT TO WHICH PLAINTIFF IS A THIRD PARTY BENEFICIARY

22. Defendant entered into a contract with each class member's health insurance company known as a Facility Participation Agreement or Provider Agreement ("Agreement").

23. Said Agreement is made for the benefit of insureds/patients such as each class member.

24. Defendant breached this Agreement by failing to submit each class member's medical bills to their health insurance company so that each class member could receive an in-network discount for said bills, and instead, filed a lien and/or sought payment directly from each class member for the full amount of the bills.

25. Pursuant to Section 29 of Title 15 of the Oklahoma Statutes, each class member seeks an Order the Court's enforcing the Agreement.

### COUNT FIVE – DECLARATORY RELIEF

26. The Agreement requires Defendant to timely submit each class member's medical bills to their health insurance company so that each class member receives an in-network discount for said bills.

27. In the event Defendant fails to timely submit said medical bills then the Agreement prohibits Defendant from collecting a payment from, bringing a collection action against or asserting a lien against each class member.

28. Defendant failed to timely submit each class member's medical bills to their health insurance company for payment as required by the Agreement.

29. As a result of Defendant's failure to timely submit each class member's medical bills to their health insurance company, Defendant is prohibited from collecting a payment from, bringing a collection action against or asserting a lien against each class member

30. Because of this controversy, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist among the parties.

### COUNT SIX - PUNITIVE DAMAGES

31. Defendant's conduct violated Section 9.1 of Title 23 of the Oklahoma Statutes; therefore, each class member is entitled to recover exemplary damages.

WHEREFORE, Plaintiff and each class member prays for a judgment against the Defendant in this action for a sum in excess of the requisite amount for diversity jurisdiction, costs incurred, interest, attorney's fees, punitive damages, and for any other relief to which this Court deems appropriate.

Respectfully submitted,

THE WEST LAW FIRM
ATTORNEYS FOR PLAINTIFF

TERRY W. WEST, OBA NO. 9496
BRADLEY C. WEST, OBA NO. 13476
GREGG W. LUTHER, OBA NO. 14564
J. SHAWN SPENCER, OBA NO. 18840
124 W. Highland - P.O. Box 698
Shawnee, Oklahoma 74802-0698
(405) 275-0040 - Phone
(405) 275-0052 - Fax

ATTORNEYS' LIEN CLAIMED