**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ELIZABETH CATES, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) NO. CIV-12-0763-HE |
| | ) |
| INTEGRIS HEALTH, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff originally filed suit on behalf of herself and a putative class in the District Court of Oklahoma County, asserting claims for breach of contract, deceit, and violation of the Oklahoma Consumer Protection Act, as well as seeking specific performance, injunctive and declaratory relief, and punitive damages. Defendant removed the case to federal court on the basis that plaintiff's state law claims are completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. At issue is plaintiff's motion to remand the matter to state court [Doc. #13].

Federal courts are courts of limited jurisdiction. The defendant, as the party invoking this court's jurisdiction, bears the burden of establishing that removal is proper under the doctrine of complete preemption. *See* Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001). The court concludes that it has subject matter jurisdiction over plaintiff's claims under the doctrine of complete preemption, and that plaintiff's motion to remand should be denied.

Background

Plaintiff suffered injuries from an automobile accident caused by a third-party tortfeasor in April of 2011. Plaintiff received treatment for her injuries from defendant's facility in Seminole, Oklahoma from April 20, 2011, to June 30, 2011. Plaintiff asserts that she informed defendant's employees that she had health insurance and provided them with her information at the time of treatment. Defendant did not file its claims with plaintiff's employee benefit plan (the "Plan"), but instead filed a medical lien against plaintiff for the full amount of the billed charges, $1,889.00.

Plaintiff was insured by the Oklahoma Lumbermen's Association through First Health Network.[1] Plaintiff's Plan contracted with medical providers as part of a Participating Provider Organization ("PPO") network to give its participants access to covered medical services from these providers at reduced rates. Defendant is a hospital within First Health's PPO network, and, as such, entered into a provider agreement (the "Agreement" or "PPO Agreement") with the Plan to provide discounted rates for "Covered Services."

Plaintiff alleges that she is a third-party beneficiary of the Agreement, and that defendant breached the Agreement by filing a lien against her for what she asserts was a "covered charge" and by not timely submitting bills to the Plan for payment in full.[2]

---

[1] *The parties do not dispute that this is an "employee benefit plan," or that plaintiff is a "participant" in such Plan, within the meaning of ERISA.*

[2] *Plaintiff's Reply states that she anticipates filing an amended complaint to add a claim that the assignment of benefits she gave to defendant violated Oklahoma contract law and public policy [Doc. #23 at 3]. However, "the propriety of removal is judged on the complaint as it stands at the time of the removal." Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488 (10th*

Defendant alleges that plaintiff's lawsuit is merely an attempt to enforce her rights or to recover benefits under the terms of her Plan.

## Analysis

The complete preemption doctrine is an exception to the well-pleaded complaint rule.[3] Felix v. Lucent Techs., Inc., 387 F.3d 1146, 1154 (10th Cir. 2004). The Supreme Court has recognized that actions falling within the scope of the civil enforcement provisions of ERISA are subject to complete preemption.[4] Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987). "[T]he preemptive force of § 502(a) of ERISA is so 'extraordinary' that it converts a state claim into a federal claim for purposes of removal and the well-pleaded complaint rule." *Felix*, 387 F.3d at 1156 (quoting *Metro. Life*, 481 U.S. at 65). To determine whether a claim falls within the scope of § 502(a)—and is therefore completely preempted—the Supreme Court has developed a two part test:

> [I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

---

*Cir. 1991). Therefore, plaintiff's assertion that her amended complaint would destroy subject matter jurisdiction will not be considered in this analysis.*

[3]*The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Felix v. Lucent Techs., Inc., 387 F.3d 1146, 1154 (10th Cir. 2004) (citations omitted).*

[4]*The civil enforcement provision, found in ERISA § 502(a), 29 U.S.C. § 1132(a)(1)(B), allows a "participant or beneficiary" to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."*

Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004). Therefore, on this motion to remand, the court must determine: (1) whether plaintiff's claims could have been brought under ERISA § 502(a)(1)(B), and (2) whether there is any other independent legal duty implicated by defendant's actions.

(1) First *Davila* Element

The court must first determine whether plaintiff, at some point in time, could have brought her claims under ERISA's civil enforcement provision. *Davila*, 542 U.S. at 210. Plaintiff's briefs focus on the fact that she is not seeking to recover benefits under her Plan, but is instead asserting only state-law claims based on the defendant's alleged violation of the Agreement. However, the court must "evaluate each claim by its actual content." Borrero v. United Healthcare of N.Y., Inc., 610 F.3d 1296, 1304 (11th Cir. 2010); *see also Davila*, 542 U.S. at 214 ("[D]istinguishing between pre-empted and non-pre-empted claims based on the particular label affixed to them would 'elevate form over substance and allow parties to evade' the pre-emptive scope of ERISA simply 'by relabeling their . . . claims.'") (citations omitted). Defendant asserts, and the court agrees, that plaintiff's claims—in essence—could "fairly be characterized" as either attempting "to enforce [her] rights under the terms of the plan" or "to recover benefits due to [her] under the terms of [her] plan."[5] 29 U.S.C. § 1132(a)(1)(B); Arana v. Ochsner Health Plan, 338 F.3d 433, 438 (5th Cir. 2003) (en banc).

---

[5]*The parties do not contest that plaintiff is a "participant" with standing to bring a claim under ERISA § 502(a).*

Plaintiff's factual allegations boil down to her assertion that "Defendant's Facilities collected a payment from, and/or brought a collection action against, and/or asserted a lien against the class member for a *covered charge*, other than a co-payment, deductible, or co-insurance" [Doc. #1-2 at 4 (emphasis added)]. While plaintiff insists that her complaint is based on violations of contractual provisions wholly apart from her Plan, her claims are based on rights and benefits stemming from the Plan: a determination that the services she received were "covered charges" under her Plan and therefore entitled to a discount from defendant.

First, the Plan—in its section outlining "Medical Benefits"—provides in the sub-section "In-Network Benefits (PPO)":

> Benefits for *Covered Charges* for services provided by a PPO provider will be based on the applicable negotiated rate. In most cases the Covered Person will not be responsible for charge amounts that exceed the negotiated rate, except for required out-of-pocket amounts, or amounts that exceed any specific benefit limits

[Doc. #1-5 at 16 (emphasis added)]; *see also id*. at 11 (describing the Plan as "a plan that has a Participating Provider Organization (PPO) feature" and as including "PPO benefits"). Access to the PPO network is a benefit under plaintiff's Plan. An effort to enforce the PPO Agreement is essentially an attempt to "enforce [her] rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

Furthermore, plaintiff's claims can only be determined by interpretation of the Plan's terms. In the PPO Agreement, defendant agreed to provide "Covered Services to Members" at discounted rates [Doc. #28-1 at 2.1.1, 3.1.1]. The Agreement then defines "Covered

Services" to include "[a]ll of the health care services and supplies: (a) that are Medically Necessary; (b) that are generally available at Hospital; (c) that Hospital is licensed to provide to Members; and (d) that are *covered under the terms* of the applicable Member Contract." *Id*. at 1.2 (emphasis added). The "Member Contract" is the agreement "between a Payor and an employer, union or Member, which sets forth the terms of the health benefit program"; in other words, plaintiff's ERISA Plan. *Id*. at 1.6. The Plan, in turn, outlines what "covered charges" are included in the participant's medical benefits [Doc. #1-5 at 17]. Therefore, interpretation of the terms of the ERISA plan is required to determine whether a service is entitled to a discounted rate under the PPO Agreement.

It is clear that plaintiff's "claims are 'substantially dependent upon interpretation' of ERISA plans." Borrero, 610 F.3d at 1303; *see also* Canady v. Integris Health, Inc., No. CIV-07-1347-C, at 3-4 (W.D. Okla. Mar. 28, 2008) ("Because an ERISA plan's existence and terms are at the core of Plaintiff's claims, those claims fall within ERISA's civil enforcement scheme.") (citations omitted). As such, plaintiff's claims based on her asserted right to discounted rates for covered services are essentially an attempt to enforce her rights under the terms of the Plan. Consequently, plaintiff's claims *could* have been brought under ERISA § 502(a)(1)(B), satisfying the first element of the *Davila* test. *Davila*, 542 U.S. at 210.

(2) Second *Davila* Element

The court must also determine that there is "no other independent legal duty" implicated by defendant's actions. *Davila*, 542 U.S. at 210. "[A] claim only falls within

ERISA's civil enforcement scheme when it is based solely on legal duties created by ERISA or the plan terms, rather than some other independent source." David P. Coldesina, D.D.S. v. Estate of Simper, 407 F.3d 1126, 1137 (10th Cir. 2005) (citations omitted).

Plaintiff asserts that the PPO Agreement constitutes a "separate and independent contract from any ERISA regulated employee benefit plan," and that defendant owed plaintiff various independent legal duties under the terms of this Agreement [Doc. #23 at 6]. She alleges that defendant owed her these duties because of her status as a third-party beneficiary to this contract. However, plaintiff's status as a third-party beneficiary is dependent on her participation in the ERISA Plan in the first place. Accordingly, any duty owed to plaintiff by reason of her claimed third-party beneficiary status is not independent of ERISA or the Plan's terms. *See* Borrero, 610 F.3d at 1304 (rejecting argument that state law claims based predominately on provider contracts implicated legal duties independent of ERISA as "the content of the claims necessarily require[d] the court to inquire into aspects of the ERISA plans because of the invocation of terms defined under the plans").

All of plaintiff's claims revolve around an alleged breach of the Agreement, which depends on her participation in the Plan. There is therefore no independent legal duty within the meaning of the *Davila* test.

## Conclusion

Because plaintiff's claims could have been brought under § 502(a), and because there is no other independent legal duty implicated by defendant's actions, the standard in Aetna Health Inc. v. Davila, 542 U.S. 200 (2004), is met. Plaintiff's claims are therefore

completely preempted, creating subject matter jurisdiction in this court. Plaintiff's motion to remand [Doc. #13] is **DENIED**.

    **IT IS SO ORDERED**.

Dated this 7th day of November, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE