# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELIZABETH CATES, Individually and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-12-0763-F ) |
| INTEGRIS HEALTH, INC., an Oklahoma corporation, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Plaintiff's motion for leave to file first amended complaint, doc. no. 33, and defendant's (converted) motion for summary judgment, doc. no. 35, are before the court.

### I. Background

The First Amended Petition is the current version of the complaint and the version of the complaint which Judge Joe Heaton (previously assigned to this case) had before him when he denied plaintiff's motion to remand based on his conclusion that this action is preempted by ERISA. Although plaintiff's briefing continues to argue that preemption should not apply, this order does not revisit that ruling. That said, findings stated in Judge Heaton's order denying remand are pertinent to the current motions, as are the allegations in the First Amended Petition despite Judge Heaton's conversion of plaintiff's state law claims to a federal ERISA action. Accordingly, the court begins by reviewing the allegations in the First Amended Petition and Judge Heaton's order.

Plaintiff Elizabeth Cates brought this action on January 12, 2012, in state court, against defendant Integris Health, Inc. On January 30, 2012, plaintiff filed a First Amended Petition in state court. Doc. no. 1-2.

The First Amended Petition alleges that plaintiff Cates suffered injuries in an automobile collision which was not her fault, and that plaintiff received treatment for her injuries from defendant's facility. Doc. no. 1-2, ¶¶ 12, 17. The First Amended Petition alleges that at the time of the accident, plaintiff was insured under a health insurance policy issued by the Oklahoma Lumberman's Association through First Health Network (First Health). *Id*. at ¶ 17. The First Amended Petition alleges that under the terms of a Participating Hospital Agreement between defendant Integris and plaintiff's health insurance carrier First Health, defendant Integris was required to submit its bill for covered charges to plaintiff's health care insurance carrier, First Health. *Id*. at ¶¶ 13, 14, 17.

The First Amended Petition alleges that the Participating Hospital Agreement required defendant Integris' facilities to accept a discounted payment from plaintiff's health insurance company as payment in full except for co-pays or deductibles, and that the Agreement prohibited defendant from seeking any payment for a covered charge from the plaintiff, other than a co-payment, deductible, or co-insurance. *Id*. at ¶¶ 15-16. The First Amended Petition alleges that instead of submitting its bill for such services to plaintiff's health care insurance carrier as it was required to do, defendant Integris collected a payment from and/or brought a collection action against and/or asserted a lien against plaintiff for a covered charge other than a co-payment, deductible, or co-insurance. *Id*. at ¶ 18.

Based on these alleged facts, the First Amended Petition sets out various state law theories of liability pertaining to defendant's allegedly improper efforts to bill and

collect covered charges. Separately numbered counts are entitled: breach of contract, Consumer Protection Act violation, deceit, specific performance of a contract to which plaintiff is a third-party beneficiary, declaratory relief, injunctive relief, and punitive damages. Doc. no. 1-2, pp. 5-8.[1]

Defendant Integris removed this action on the basis of federal subject matter jurisdiction under ERISA, arguing that the lawsuit is an attempt to enforce plaintiff's rights or to recover benefits under the terms of an employee benefit plan. Defendant argued that plaintiff's health insurance plan was established by a group of employers who are members of the Oklahoma Lumberman's Association, for the benefit of the employers and their employees, and that the plaintiff's health insurance plan is an employee welfare benefit plan governed by ERISA. Doc. no. 1, p. 4. The notice of removal attached a copy of the "Plan Document and Summary Plan Description for the Oklahoma Lumbermen's Association" ("the Plan Document"). Doc. no. 1-5. In its removal papers, defendant argued that ERISA provides, at 29 U.S.C. §1132(a)(1)(B), the appropriate remedy to pursue plaintiff's claims because, at heart, plaintiff's lawsuit seeks resolution of an issue regarding plan rights and benefits. Basically, defendant argued that plaintiff's pleading of her claims as state law claims brought under the Participating Hospital Agreement to which she was not a party, but as to which she claimed to be a third-party beneficiary, was an attempt to plead around ERISA.

Plaintiff moved to remand. Plaintiff did not dispute (nor has she ever disputed) that the plan is an employee benefit plan within the meaning of ERISA, 29 U.S.C. §1002(1). Nor does plaintiff dispute that she was a member of the plan at all relevant

---

[1]Unless otherwise stated, page numbers refer to the court's pagination at the top of each filed page.

times.  In moving to remand, plaintiff argued, rather, that her claims were based on violations of contractual provisions contained in the Participating Hospital Agreement between First Health and defendant Integris, wholly apart from the plan.

Judge Heaton disagreed with the plaintiff and denied remand.  Doc. no. 29.  Citing 29 U.S.C. §1132(a)(1)(B), Judge Heaton ruled that plaintiff's claims could fairly be characterized as either attempting to enforce her rights under the terms of the ERISA plan or to recover benefits due her under the terms of her plan.  Doc. no. 29, p. 4.  Judge Heaton stated that plaintiff's claims are based on rights and benefits stemming from the plan, specifically, a determination that the services she received were covered charges under her plan, requiring a discount from the defendant.  *Id*. at p. 5.  Judge Heaton concluded that plaintiff's claims were completely preempted by ERISA, creating subject matter jurisdiction in this court.  *Id*. at pp. 7-8.

That is where the matter stood when plaintiff moved for leave to amend and when defendant filed a motion for judgment on the pleadings, motions which were pending when Judge Heaton recused.[2]  The motion for judgment on the pleadings relied on documents which were integral to the action but which were not referred to in the complaint.  Accordingly, the undersigned converted the motion for judgment on the pleadings to a motion for summary judgment.  *Compare*, GFF Corporation v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (documents which are referred to in the complaint *and* which are central to a plaintiff's claim may be considered without converting a motion to dismiss to a motion for summary judgment).  After conversion, the parties were given an opportunity to supplement the briefing although the court advised it had not yet determined what issues and evidence

---

[2] Judge Heaton recused on the basis of matters which had not yet occurred at the time of his denial of remand.

-4-

it would ultimately consider in ruling on summary judgment at this early stage. All briefing is now complete.

II. Motion for Leave to Amend.

Under Rule 15, Fed. R. Civ. P., leave to amend should be freely given when justice so requires.

Plaintiff's motion to amend describes the proposed amendments as seeking to add "additional equitable remedies under 29 U.S.C. § 1132(a)(3)...such as unjust enrichment, disgorgement and promissory estoppel." Doc. no. 33, p. 1.[3] The motion also states that the proposed amendments would remove a breach of contract claim. *Id*. This is the entirety of the proposed amendments to the extent that they are described in the motion to amend.[4]

When he denied remand, Judge Heaton ruled that plaintiff's state law claims are pre-empted by ERISA and that this action comes under § 1132(a)(1)(B), ERISA's remedial provision for enforcement of rights under an employee benefit plan. Effectively, Judge Heaton converted plaintiff's original state law claims into an action under §1132(a)(1)(B) which provides for recovery of benefits due or clarification or enforcement of rights under the terms of a plan. See Judge Heaton's order, doc. no. 29, p. 3, which quotes Felix v. Lucent Techs., Inc., 387 F.3d 1146, 1154 (10th Cir. 2004), and Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1978), for the proposition that "The preemptive force of § 502(a) of ERISA [§ 1132(a)] is so 'extraordinary' that it converts a state claim into a federal claim for purposes of removal and the

---

[3]The proposed amended complaint seeks to add requests for "other equitable relief" under 29 U.S.C. §1132(a)(3), such as declaratory relief, doc. no. 33-1 at ¶34, injunctive relief, *id*. at ¶ 38, unjust enrichment and/or disgorgement, *id*. at ¶ 41, and promissory estoppel, *id*. at ¶¶42-46.

[4]The proposed complaint attached to the motion appears to make other changes but the court does not consider amendments as to which no briefing has been offered.

well-pleaded complaint rule." As Judge Heaton stated, plaintiff's asserted right to discounted rates for covered services is "essentially an attempt to enforce her rights under the terms of the Plan." Doc. no. 29, p. 6.

The language which plaintiff now proposes regarding additional equitable remedies does not change the fact that this is an action for enforcement of rights under an employee benefit plan, per §1132(a)(1)(B). Where §1132(a)(1)(B) provides an adequate remedy, as it does here, it does so exclusively; this is true even with respect to other ERISA remedies, such as the remedies plaintiff now seeks to add for "other appropriate equitable relief" under § 1132(a)(3). *See*, *e.g.*, Varity Corp. v. Howe, 516 U.S. 489, 515 (1996) ("where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate'"); Ogden v. Blue Bell Creameries U.S.A., Inc., 348 F.3d 1284, 1287 (11th Cir. 2003) ("an ERISA plaintiff who has an adequate remedy under Section 502(a)(1)(B) [§1132(a)(1)(B)] cannot alternatively plead and proceed under [§1132(a)(3)].").

In denying remand, Judge Heaton determined that §1132(a)(1)(B) is plaintiff's avenue of relief. Section 1132(a)(1)(B) provides that a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Thus, § 1132(a)(1)(B) is more than a remedy for recovery of plan benefits. Its scope extends to clarification and enforcement of rights under the terms of a plan – relief which the current version of the pleadings already requests by seeking declaratory and injunctive relief.

In these circumstances, plaintiff's proposed language regarding additional equitable remedies under §1132(a)(3) is futile. Futile amendments need not be

permitted, even under the liberal standards of Rule 15. Foman v. Davis, 371 U.S. 178, 182 (1962). Plaintiff's motion for leave to amend will be denied.

### III. Defendant's Motion for Summary Judgment

Under Rule 56, Fed. R. Civ. P., summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

It is apparent from the briefing that there is no dispute regarding the text of the Plan Document, attached to the notice of removal at doc. no. 1-5; the Participating Hospital Agreement, doc. no. 28; or the Conditions for Admission forms executed by the plaintiff on April 20, 2011, prior to the hospital rendering emergency room services to plaintiff on that date, and also executed on June 15, 2011, prior to the hospital rendering physical therapy services to the plaintiff on that date and thereafter. Doc. no. 49-3, exhibits "C" and "F."

#### 1. Claims Based on Covered Charges.

Defendant argues that the medical services in issue are not covered charges, entitling defendant to summary judgment with respect to the claims described in the First Amended Petition, all of which relate to covered charges.

The Plan Document. Under the heading "Medical Benefits" and the sub-heading "In-Network Benefits (PPO)," the Plan Document states as follows. "Benefits for Covered Charges for services provided by a PPO provider will be based on the applicable negotiated rate." Doc. no. 1-5, p. 20.[5] Under "Plan Exclusions," the Plan Document states: "For all Medical Benefits shown in the Summary Schedule of Benefits, a charge for the following is not covered." *Id.* at p. 3. Under this statement

---

[5]All emphasis in this paragraph, and the next paragraph, has been added.

is item number 71, "Third Party Liability." Item number 71 sets forth an exclusion from coverage for "Care for Injury or Sickness that results from the actions of a third party, whether or not such third party is able to reimburse the Covered Person for such care." *Id*. at p. 42. Thus, the plan clearly excludes coverage for treatment resulting from the actions of a third party.

The Participating Hospital Agreement. In the Participating Hospital Agreement defendant agreed to provide "Covered Services to Members" at discounted rates. *See*, *e.g.*, doc. no. 28-1, §§ 2.1.1, 3.1.1. As reviewed by Judge Heaton in his order denying remand, the Participating Hospital Agreement defines "Covered Services" to include "[a]ll of the health care services and supplies: (a) that are Medically Necessary; (b) that are generally available at Hospital; © that Hospital is licensed to provide to Members; and (d) that are covered under the terms of the applicable Member Contract." Heaton Order, doc. no. 29, pp. 5-6, quoting doc. no. 28-1 at § 1.2. Judge Heaton continued: "The 'Member Contract' is the agreement 'between a Payor and an employer, union or Member, which sets forth the terms of the health benefit program,' in other words, plaintiff's ERISA plan." Heaton Order, doc. no. 29, p. 6, quoting doc. no. 28-1 at §1.6. As shown in the preceding paragraph, plaintiff's ERISA plan excludes coverage for charges incurred as a result of injuries caused by a third-party. Therefore, per § 1.2(d) underlined above, the Participating Hospital Agreement also does not cover such services.

The First Amended Petition repeatedly alleges that the charges at stake are covered charges which arise from medical treatment received after plaintiff suffered injuries in a car collision which was not her fault. Doc. no. 1-2, ¶¶ 12-18. These allegations are not in dispute. The Plan Document and the Participating Hospital Agreement foreclose coverage for care which results from the actions of a third party,

-8-

such as medical treatment made necessary by a third party at fault in a car collision. Absent coverage, defendant Integris has no obligation to accept discounted payment for its services. The undisputed facts foreclose any claims which are based on rights pertaining to covered charges such as discounted services or the manner in which covered charges should or should not have been billed.

The court also notes (but does not rely on) plaintiff's failure to respond by number and with disputing evidence to defendant's numbered material facts stated in defendant's supplemental brief at doc. no. 47, Statement of Undisputed Material Facts, nos. 1-12.[6] Defendant's facts purport to show that a claim was submitted to the extent plaintiff identified the plan as the responsible payor, and that the claim was denied by the plan because the medical expenses were incurred as a result of third party liability and were therefore excluded from coverage under the plan.

Undisputed allegations in the First Amended Petition regarding the cause of the medical charges incurred by the plaintiff, along with the undisputed terms of the Participating Hospital Agreement to which plaintiff asserts she is a third-party beneficiary, as well as the Plan Document, entitle defendant to summary judgment on all claims based on covered charges including claims for discounted rates or claims seeking enforcement of any rights related to covered charges. Defendant's motion for summary judgment will be granted to this extent.

## 2. Claims Based on Non-Covered Charges

---

[6] *See*, LCvR56.1(c)(party opposing motion for summary judgment "shall state the number of the movant's facts that is disputed," and material facts not specifically controverted may be deemed admitted).

As the briefing went on, plaintiff expanded her theory of this case to include not only claims relating to covered charges, but also a claim seeking to enforce the provision in the Participating Hospital Agreement which relates to permitted billing of services that are *not* covered. Defendant did not object to this expansion of plaintiff's claims. Rather, defendant submitted briefing urging the court to grant summary judgment on this newly identified claim.[7] In these circumstances there is nothing to be gained from requiring another round of amendments to set out plaintiff's expanded set of claims. The court deems the pleadings conformed to plaintiff's briefing. Accordingly, the claims alleged in this action now include plaintiff's efforts to enforce rights arising from the provision in the Participating Hospital Agreement which governs permitted billing of services that are not covered.

The applicable provision is § 2.9(iii) of the Participating Hospital Agreement. Plaintiff alleges that although it is undisputed she is not a party to the Participating Hospital Agreement, she may enforce § 2.9(iii) of the Agreement because she is a third-party beneficiary with respect to § 2.9. Section 2.9 provides that the hospital "may bill or charge Members only in the following circumstances."[8] Doc. no. 28-1, § 2.9. Section 2.9 (iii) specifically addresses services that are not covered. It states that the hospital (the defendant) may bill members for services that are not covered services "only if":

(a) the Health Plan or Payor confirms that the specific services are not covered,

---

[7]With or without the expanded claim, this action continues to fit within Judge Heaton's description of this action as a federal action which seeks to enforce or clarify rights under an employee benefit plan pursuant to 28 U.S.C. §1132(a)(1)(B).

[8]Plaintiff meets the definition of a "member" by virtue of her eligibility to receive covered services under a member contract, which is her employer's group plan, i.e. her ERISA plan. *See*, definitions in Participating Hospital Agreement, doc. no. 28-1, §§ 1.5, 1.6.

>(b) the Member is advised in writing prior to the services being rendered that the specific services may not be Covered Services, and
>
>© the Member agrees to pay for such services after being so advised.

Doc. no. 28-1, § 2.9(iii), entitled "Permitted Billing of Members."

Defendant argues it is entitled to summary judgment on plaintiff's claim based on alleged non-compliance with § 2.9(iii) because it is clear from the face of the Participating Hospital Agreement that plaintiff is not a third party beneficiary and therefore has no rights with respect to the Agreement. For this argument, defendant relies on § 6.8 of the Participating Hospital Agreement which reads as follows.

> Other than expressly set forth in the Agreement, no third persons or entities are intended to be or are third party beneficiaries of or under the Agreement, including without limitation, Members. Nothing in the Agreement shall be construed to create any liability on the part of a Health Plan, Payors, Hospital or their respective directors, officers, shareholders, employees or agents, as the case may be, to any such third parties for any act or failure to act of any Party hereto.

Plaintiff, on the other hand, points to language in § 2.9.1 of the Participating Hospital Agreement. That section states:

> Hospital further agrees that: (i) <u>this provision [clearly meaning § 2.9]</u> shall survive termination of the Agreement regardless of the cause giving rise to termination and <u>shall be construed to be for the benefit of the Member</u>.

(Emphasis added.) Plaintiff argues that § 2.9.1 excludes § 2.9 from the general rule of no third-party liability which is set out in § 6.8. Plaintiff argues that the primary issue in determining whether plaintiff has third-party beneficiary status is whether the parties to the contract intended the third party to have such status. Plaintiff also relies

on <u>Dorr v. Sacred Heart Hospital</u>, 597 N.W. 2d 462, 449-451 (Wisc. App. 1999), which found that very similar language unambiguously created third-party beneficiary status on the part of HMO subscribers.

Defendant counters that plaintiff is, at most, an incidental beneficiary of the Participating Hospital Agreement's limitations on permitted billing for non-covered charges.

After careful consideration, the court finds that defendant has not established that the Participating Hospital Agreement unambiguously prohibits third-party beneficiary status to the plaintiff for the purpose of enforcing rights which she asserts under § 2.9(iii), the provision which places restrictions on defendant's billing of members for non-covered charges.

Next, defendant contends that, third-party beneficiary arguments aside, undisputed evidence shows defendant complied with each of the requirements set out in §2.9(iii)(a) through ©. Skipping (a) for the moment, the court considers defendant's evidence of compliance with (b) and ©.

Subsection (iii)(b) provides:

The Hospital may bill or charge Members only...if...the Member is advised in writing prior to the services being rendered that the specific services may not be Covered Services.

Subsection (iii)© provides:

The Hospital may bill or charge Members only...if...the Member agrees to pay for such services after being so advised.

Defendant argues it has complied with (b) because, prior to rendering services to the plaintiff, defendant advised plaintiff as follows in a Conditions for Admission form, which plaintiff signed.

> **9. PAYMENT RESPONSIBILITY:** The undersigned understands that the patient...is responsible for the payment of all charges of the Hospital relating to services rendered by the Hospital to the patient that remain after any third party payment (which include, but are not limited to, applicable coinsurance, co-payments, deductibles and amounts for services or treatments that are not covered or for which payment has been denied by any third party) unless the Hospital is prohibited by contract between third party and Hospital from billing Patient for these amounts.

Doc. nos. 49-3, ex. "C," ¶ 9, and ex. "F," ¶ 9.

As stated, § 2.9 (iii)(b) of the Participating Hospital Agreement requires the defendant to advise the member in writing, prior to the services being rendered, that the specific services may not be covered services. Such advice may arguably be implicit in the consent form, as the form advises plaintiff that she has responsibility for payment of all charges which remain after any third party payments, including charges which remain because they are not covered, unless the hospital is prohibited from billing for such services by contract (as plaintiff claims is the case here). But § 2.9(iii)(b) requires explicit notification to the member of the possibility that specific services may not be covered services. Advising plaintiff that by signing the form she consents to responsibility for any charges which turn out not to be covered is not necessarily the same thing as advising the plaintiff that the specific services which she is at the hospital to receive may not, in fact, *be* covered services.

On their face, the consent forms relied on by the defendant do not establish that there is no genuine issue of material fact regarding compliance with § 2.9(iii)(b) or © of the Participating Hospital Agreement, both of which place limitations on billing for services that are not covered. Not only does § 2.9(iii)© prohibit billing if the notice required by (b) has not been given, the consent form excludes consent with respect to

billing which is not permitted by a contract such as § 2.9(iii) of the Participating Hospital Agreement. Defendant has not carried its burden to show compliance, as a matter of law, with respect to § 2.9(iii)(b) or ©.

The above determination makes it unnecessary to consider defendant's evidence with respect to § 2.9(iii)(a).

Based on the documents considered by the court at this early stage, defendant has not shown that it is entitled to summary judgment with respect to plaintiff's third-party beneficiary claim based on alleged non-compliance with §2.9(iii) of the Participating Hospital Agreement, the provision which relates to permitted billing of non-covered charges. This claim is the only claim that survives defendant's motion for summary judgment, and defendant's motion for summary judgment will be denied to this extent.

### III. Rulings

The proposed amendments described by plaintiff in her motion are futile, and leave to amend is **DENIED**.

Defendant's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**, as follows.

Defendant is entitled to summary judgment with respect to all claims based on or related to covered services, including claims that plaintiff was entitled to discounted services or that covered services were not billed or handled properly. Defendant's motion for summary judgment is **GRANTED** with respect to such claims.

Defendant has not carried its burden to show that it is entitled to summary judgment with respect to plaintiff's claim that she is a third-party beneficiary seeking to enforce restrictions on permitted billing of members for services that are not covered as set out in §2.9(iii) of the Participating Hospital Agreement. Defendant's

motion for summary judgment is **DENIED** with respect to this claim.  This claim is the only claim that survives this order.

Dated this 29th day of July, 2013.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

12-0763p006 rev .wpd